UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOEL BECK, | Case No. 3:15-cv-00166-MMD-VPC |
| Plaintiff, | ORDER |
| v. | |
| NATIONSTAR MORTGAGE, et al., | |
| Defendants. | |

## I.    SUMMARY

This removed action involves a dispute over title and ownership to real property subject to a promissory note and deed of trust securing a residential mortgage loan. Before removal, Plaintiff Joel Beck filed an application for temporary restraining order. (Dkt. no. 101 at 42-50.) After removal, Defendants Nationstar Mortgage ("Nationstar"), Bank of America, N.A. ("BANA"), Wells Fargo Bank, N.A., as Trustee for the Structured Adjustable Rate Mortgage Loan Trust, Series 2007-3 ("Wells Fargo"), and Mortgage Electronic Registration Systems, Inc. (collectively "Moving Defendants") filed a motion to dismiss. (Dkt. no. 7.) Plaintiff then moved to remand. (Dkt. no. 22.) For the reasons discussed herein, the Court denies Plaintiff's motion to remand and grants Moving Defendants' motion to dismiss. Plaintiff's application for temporary restraining order is also denied.

## II.    BACKGROUND

The following facts are taken from Plaintiff's *pro se* Complaint. Plaintiff is the owner of real property located at 255 Sherwood Court in Stateline, Nevada ("the

1   Property). (Dkt no. 1-1 at 7.) On or about March 26, 2007, Plaintiff signed a promissory

2   note in a favor of Countrywide in the amount of $620,000.00 ("the Note"); the Note was

3   secured by a First Mortgage/Trust Deed ("the Deed") on the Property. (*Id.* at 10.)

4   Plaintiff's loan was securitized and the Note was not properly transferred to Wells

5   Fargo, acting as the Trustee for the Series 2007-3 Trust in holding the Note. (*Id.*)

6   Plaintiff alleges that Defendants have initiated judicial foreclosure.[1] (*Id.* at 17.)

7       In addition to Moving Defendants, the Complaint names Defendants First

8   American Trustee Servicing Solutions, LLC ("First American") and Aurora Loan Services

9   LLC ("Aurora"). (*Id.* at 6.) The gist of Plaintiff's claims is that Defendants have unlawfully

10  sold, assigned, and/or transferred their ownership and security interest in the Note and

11  Deed such that they no longer have an ownership or interest in the Property.[2] (*Id.* at 7.)

12  Plaintiff asserts claims for wrongful foreclosure, fraud in concealment, fraud in

13  inducement, intentional infliction of emotional distress, slander of title, quiet title,

14  declaratory relief, violations of the Truth in Lending Act ("TILA"), the Home Ownership

15  and Equity Protection Act ("HOEPA"), and the Real Estate Settlement Procedures Act

16  ("RESPA"), rescission, civil conspiracy, adverse possession, and attorneys' fees and

17  costs. (*Id.* at 15-25.)

18      Plaintiff filed his Complaint in the Ninth Judicial District Court of Douglas County,

19  Nevada. (Dkt. no. 1-1.) On March 19, 2015, Moving Defendants removed the action by

20  filing the petition for removal. (Dkt. no. 1.) In their petition for removal, Moving

21  Defendants allege that Plaintiff filed his Complaint on February 23, 2015, and served

22  ///

23  ///

---

24      [1] The Complaint alleges a wrongful foreclosure claim, and Plaintiff filed an
25  application for a temporary restraining order ("Application for TRO") (dkt. no. 1-1 at 42-
    50). In the Application for TRO, Plaintiff asks the Court to enjoin Defendants from selling
26  the Property, but even the Application contains form allegations similar to the Complaint
    and lacks details about the actual foreclosure proceedings.

27      [2] Moving Defendants point out that the Complaint appears to be a form complaint.
    (Dkt no. 7 at 1 n.1.) The Complaint contains general allegations about securitization and
28  mortgage loans that are commonly alleged in foreclosure actions filed before the Court.

them on February 24, 2015.[3] (*Id.*) On March 26, 2015, Moving Defendants filed their motion to dismiss. (Dkt. no. 7.)

On April 27, 2015, at the case management conference, the Magistrate Judge explained the litigation process to Plaintiff and set a settlement conference for May 15, 2015. (Dkt. no. 15.) The Magistrate Judge imposed a stay, except for the briefing schedule on Moving Defendants' motion to dismiss, for which the court suggested the parties file a stipulation. (*Id.*) On May 13, 2015, the Magistrate Judge vacated the settlement conference and lifted the stay, after hearing from the parties relating to financial information. (Dkt. no. 19.)

On June 16, 2015, Plaintiff filed his motion to remand. (Dkt. no. 22.)

## III.    MOTION TO REMAND

Plaintiff raises three arguments in support of remand: (1) removal was defective because not all defendants properly joined in the petition for removal, (2) the Court lacks diversity jurisdiction, and (3) the Court should abstain because this case presents important issues of state law. The Court will address the jurisdictional argument first.

### A.    Jurisdiction

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) (emphasis added). The party seeking removal bears the burden of establishing federal jurisdiction. *Id.*

///

---

[3]The exhibit that Moving Defendants offer to show service identifies service on Nationstar, not the other Moving Defendants. (Dkt. no. 1-1 at 2.)

3

As an initial matter, the Court agrees with Moving Defendants that the Court has federal question jurisdiction because the complaint raises federal law claims under TILA, HOEPA, and RESPA (eighth, ninth, and tenth claims). (Dkt. no. 1-1 at 23-26.) The Court has original jurisdiction over these claims. Because the state law claims are all based on the same set of facts, the Court may adjudicate those claims pursuant to the doctrine of supplemental jurisdiction. 28 U.S.C. §§ 1367, 1441(c).

Because Plaintiff contends that the Court lacks diversity jurisdiction, the Court will briefly address his argument. To establish subject matter jurisdiction pursuant to diversity of citizenship, the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Moving Defendants have satisfied both requirements.

Plaintiff alleges that he is resident of Douglas County, Nevada. (Dkt. no. 1-1 at 6.) Plaintiff cannot dispute that Defendants are not citizens of Nevada.[4] Instead, he argues that because Defendants BANA and Wells Fargo are national banking associations, they should be deemed a citizen of every state in which they "have branch offices" for purposes of determining diversity jurisdiction. (Dkt. no. 22 at 7.) However, a national bank's location is not determined by the state where it has branch operations, but is instead determined by "the State designated in its articles of association as its main office." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). Plaintiff does not dispute BANA's contention that its main office is in North Carolina, nor does he dispute Wells Fargo's contention that its main office is in South Dakota. (Dkt. no. 1 at 4.) Moving Defendants have thus demonstrated diversity of citizenship.

To satisfy the amount in controversy requirement, the defendant must either: (1) demonstrate that it is facially evident from the plaintiff's complaint that the plaintiff seeks damages in excess of $75,000, or (2) prove, by a preponderance of the evidence, that

---

[4]The petition for removal alleges that BANA is a citizen of North Carolina, Wells Fargo is a citizen of South Dakota, MERS is a citizen of the States of Delaware and Virginia, Aurora is a citizen of Delaware, Nationstar is a citizen of the States of Delaware and Texas, and First American is a citizen of California. (Dkt. no. 1 at 4-5.)

1    the amount in controversy meets the jurisdictional limit. *Valdez v. Allstate Ins. Co.*, 372

2    F.3d 1115, 1116-17 (9th Cir. 2004). In determining what evidence may be considered

3    under the latter option, the Ninth Circuit has adopted the "practice of considering facts

4    presented in the removal petition as well as any 'summary-judgement-type [sic]

5    evidence relevant to the amount in controversy at the time of removal.'" *Matheson v.*

6    *Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam)

7    (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

8    "In actions seeking declaratory or injunctive relief, it is well established that the amount

9    in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart,*

10   *Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (per curiam) (quoting *Hunt v. Wash. State Apple*

11   *Advert. Comm'n*, 432 U.S. 333, 347 (1977)). Plaintiff asserts claims to ownership of the

12   Property and seeks to avoid obligations under the Note in the amount of $620,000.00.

13   (Dkt. no. 1-1 at 44-46.) The amount in controversy is satisfied.

14        In sum, the Court has federal question jurisdiction and diversity jurisdiction.

15   Plaintiff's motion to remand for lack of jurisdiction is denied.

16        **B.**    **Procedural Defect**

17        Plaintiff argues that removal is defective because not all defendants have

18   properly joined in the removal, creating a lack of unity.[5] (Dkt. no. 22 at 3-6.) Moving

19   Defendants counter that this argument asserts a procedural defect and is untimely

20   raised. The Court agrees with Defendants.

21        "A motion to remand the case on the basis of any defect other than lack of

22   subject matter jurisdiction must be made within 30 days after the filing of the notice of

23   removal under section 1446(a)." 28 U.S.C. § 1447(c). "[A] lack of defendant unanimity . .

24

25        [5]To the extent Plaintiff's argument is based on his contention that counsel cannot represent Defendants BANA, Nationstar, MERS, and Wells Fargo in filing one petition

26   for removal on behalf of these Defendants, the Court notes that this argument is without merit. Counsel filed the petition for removal on behalf of his clients, the Moving

27   Defendants. The Court is not aware of any rule that would require counsel in this instance to file a separate petition for each Moving Defendant, or file one petition on

28   behalf of one Moving Defendant and then file separate notices of consent to removal by the remaining Moving Defendants when counsel represents all Moving Defendants.

1    . [has been] held to be a defect for purposes of § 1447(c)." *Atl. Nat'l Trust LLC v. Mt.*

2    *Hawley Ins. Co.*, 621 F.3d 931, 940 (9th Cir. 2010).

3          Here, Plaintiff filed his motion to remand on June 16, 2015, which is 89 days after

4    Defendants removed this case (on March 19, 2015). (Dkt. nos. 1, 22.) Plaintiff is correct

5    that the Magistrate Judge stayed the action, but the stay was imposed on April 27,

6    2015, and lifted on May 13, 2015, a period of 16 days. (Dkt. nos. 15, 19.) In fact, the 30-

7    day time period for challenging Defendants' removal expired before the stay was

8    imposed on April 27, 2015.  Plaintiff's challenge regarding the lack of defendant unity is

9    therefore untimely.

10         **C.      Abstention**

11         Plaintiff next asks the Court to abstain from exercising jurisdiction, citing to both

12   the *Younger* abstention doctrine and the *Burford* abstention doctrine. Neither of these

13   doctrines applies here.

14         In determining whether to abstain, "discretion must be exercised within the

15   narrow and specific limits prescribed by the particular abstention doctrine involved." *C–*

16   *Y Dev. Co. v. City of Redlands*, 703 F.2d 375, 377 (9th Cir. 1983). "[U]nless certain

17   exceptional circumstances are present, a district court has little or no discretion to

18   abstain." *Privitera v. Cal. Board of Med. Quality Assurance*, 926 F.2d 890, 895 (9th Cir.

19   1991) (alteration in original) (quoting *Almodovar v. Reiner*, 832 F.2d 1138, 1140 (9th

20   Cir. 1987)).

21         Under *Younger* abstention principles, a federal court may not exercise jurisdiction

22   when doing so would interfere with ongoing state judicial proceedings. *Middlesex Cty.*

23   *Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). Pursuant to

24   *Younger*, a federal court must abstain where: (1) ongoing state proceedings began

25   before the federal court conducts proceedings of substance on the merits; (2) important

26   state interests are involved; and (3) the plaintiff has an adequate opportunity to litigate

27   federal claims in the state proceedings. *See Middlesex*, 457 U.S. at 432, 437; *M & A*

28   *Gabaee v. Cmty. Redev. Agency of L.A.*, 419 F.3d 1036, 1041 (9th Cir. 2005). The

6

1   Ninth Circuit has also "identified a fourth requirement: The requested relief must seek to

2   enjoin — or have the practical effect of enjoining — ongoing state proceedings."

3   *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)

4   (citing *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007)). Under

5   *Burford*, a federal court may abstain "to avoid federal intrusion into matters which are

6   largely of local concern and which are within the special competence of local courts."

7   *Tucker v. First Maryland Sav. & Loan, Inc.*, 942 F.2d 1401, 1404 (9th Cir. 1991) (quoting

8   *Int'l Bhd. of Elec. Workers, Local Union No. 1245 v. Pub. Serv. Comm'n of Nev.*, 614

9   F.2d 206, 212 n.1 (9th Cir. 1980)). The Ninth Circuit "generally requires certain factors

10   to be present for abstention to apply: (1) that the state has concentrated suits involving

11   the local issue in a particular court; (2) the federal issues are not easily separable from

12   complicated state law issues with which the state courts may have special competence;

13   and (3) that federal review might disrupt state efforts to establish a coherent policy." *Id.*

14   at 1405.

15          Plaintiff alleges that "[t]here are on-going State proceedings for the foreclosure of

16   Plaintiff's real property." (Dkt. no. 22 at 6.) He further argues that Nevada has an

17   important interest in resolving real property issues. (*Id.*) It is not clear from the record

18   what "on-going [s]tate [foreclosure] proceedings" are occurring. Moreover, any

19   foreclosure proceedings relating to the Property would not qualify as "concentrated

20   suits" to satisfy the *Burford* principal's requirements.  More importantly, the Court does

21   not find that Nevada's interest in resolving real property disputes warrants abstention.

22   The Complaint asserts garden-variety claims involving the Property, Note, and Deed. It

23   would be inappropriate for the Court to abstain in this case.

24   **IV.    MOTION TO DISMISS**

25          **A.    Legal Standard**

26          A court may dismiss a plaintiff's complaint for "failure to state a claim upon which

27   relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must

28   provide "a short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint fails to "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief.'" *Id.* at 679 (alteration omitted) (quoting Fed. R. Civ. P. 8(a)(2)). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

Mindful of the fact that "[t]he Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," the Court will view Plaintiff's

///

pleadings with the appropriate degree of leniency. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (quoting *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)).

**B.    Claims Based on "Securitization" Allegations**

Defendants argue that because Plaintiff's claims are based on a "securitization" argument that has been found to be legally tenuous, dismissal of the claims premised on this argument is proper. Plaintiff does not dispute and indeed concedes that all of his claims are premised on the improper securitization of the Note, but he asserts, without providing any explanation, that Defendants rely on "implacable case law" and cases with distinguishable facts. (Dkt. no. 20 at 3-4.)

The main factual allegations supporting Plaintiff's claims are that the Note was securitized and subsequently sold and transferred, and that Defendants cannot show ownership because the Note and the Deed were split in the securitization process. (Dkt. no. 1-1 at 9, 10-14.) Plaintiff's securitization argument, premised upon an improper splitting of the Note from the Deed, has been considered and rejected. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011); *Eruchalu v. U.S. Bank., National Ass'n*, No. 2:12-cv-01264-MMD-VCF, 2013 WL 6667702, at *4 (D. Nev. Dec. 17, 2013); *Khankhodjaeva v. Saxon Mortg. Servs.*, No. 2:10-cv-1577-JCM-GWF, 2012 WL 214302, at *4 (D. Nev. Jan. 24, 2012); *Vega v. CTX Mortg. Co., LLC*, 761 F. Supp. 2d 1095, 1097–98 (D. Nev. 2011); *Wittrig v. First Nat'l Bank of Nev.*, No. 3:11-cv-00131-ECR-VPC, 2011 WL 5598321, at *5–6 (D. Nev. Nov. 15, 2011); *Parker v. GreenPoint Mortg. Funding Inc.*, No. 3:11-cv-00039-ECR-RAM, 2011 WL 5248171, at *4 (D. Nev. Nov. 1, 2011); *Chavez v. Cal. Reconveyance Co.*, No. 2:10-cv-00325-RLH-LRL, 2010 WL 2545006 (D. Nev. June 18, 2010). Plaintiff thus cannot state a claim based on his securitization argument.

As noted, all of Plaintiff's claims, including his fraud-based claims, are premised on the illegality of the securitization of Plaintiff's loan without his knowledge. Accordingly, Plaintiff's claims are dismissed. In addition, as discussed below, Plaintiff's federal claims are time-barred.

## C.   Claims Based on Federal Statutes

Plaintiff's eighth claim for violations of TILA and HOEPA are based on allegations that Defendants failed "to provide Plaintiff with accurate material disclosures" and "to fully inform home buyers of the pros and cons of adjustable rate mortgages" in understandable terms. (Dkt. no. 1-1 at 23-24.) He seeks monetary damages. (*Id.*) Plaintiff's ninth claim seeks rescission for Defendants' alleged TILA violations. (*Id.* at 25-26.)

TILA requires creditors to disclose certain information about the terms of a particular loan to the prospective borrower.[6] *See, e.g.,* 15 U.S.C. §§ 1631-32, 1638; 12 C.F.R. § 226.17. Any claim for damages arising under TILA is limited by a one-year statute of limitations. 15 U.S.C. § 1640(e). The rescission remedy that the statute provides is limited by a three-year statute of limitations. 15 U.S.C. § 1635(f). This provision "completely extinguishes the right of rescission at the end of the 3-year period." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998). The statute of limitations period begins upon execution of the contract because plaintiffs possess all information relevant to the discovery of any non-disclosures at the time the loan documents are signed. *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986) (explaining that the limitations period runs from the date of the transaction); *see also Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003).

Here, Plaintiff's loan was executed on March 26, 2007. (Dkt. no. 1-1 at 10.) The statute of limitations under TILA thus commenced as of that date. *See King*, 784 F.2d at 915. Plaintiff filed this lawsuit in February 2015, which is long past the expiration of the one-year and three-year statutes of limitations. Thus, unless equitable tolling applies, Plaintiff's claim would be untimely.

The Ninth Circuit has held that equitable tolling of claims for damages under TILA may be appropriate "in certain circumstances," and can operate to "suspend the

---

[6]HOEPA is an amendment to TILA and is subject to TILA's limitation periods. *Weingartner v. Chase Home Fin., LLC*, 702 F. Supp. 2d 1276, 1286 (D. Nev. 2010).

limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *King*, 784 F.2d at 914-15. District courts have discretion to evaluate specific claims of fraudulent concealment and equitable tolling and to "adjust the limitations period accordingly." *Id.* at 915. "Because the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, it 'is not generally amenable to resolution on a Rule 12(b)(6) motion.'" *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995) (quoting *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993)). When, however, a plaintiff fails to allege any facts demonstrating that he or she could not have discovered the alleged violations by exercising due diligence, dismissal may be appropriate. *See Meyer*, 342 F.3d at 902-03 (refusing to toll statute of limitations on TILA claim because plaintiff was in full possession of all loan documents and did not allege any concealment of loan documents or other action that would have prevented discovery of the alleged TILA violations).

Here, Plaintiff has not alleged any facts to permit the Court to equitably toll the statute of limitations. Plaintiff only alleges that Defendants are not his "lenders" and do not have the same rights as his lenders. This allegation is not enough to toll the statute of limitations. Plaintiff's TILA claims are therefore time-barred and subject to dismissal.

Plaintiff also alleges a violation of RESPA, 12 U.S.C. § 2601 *et seq.*, but he failed to identify the particular provision that Defendants purportedly violated. Plaintiff's factual allegations similarly fail to clarify this point. Defendants argue that regardless of the RESPA provision on which Plaintiff bases his claim, his claim is time-barred under RESPA's three-year statute of limitations. The Court agrees with Defendants.

RESPA contains a one-year and a three-year statute of limitations depending on the particular provision involved. 12 U.S.C. § 2614. Plaintiff filed this action more than four years after his loan originated. As with Plaintiff's TILA claims, his RESPA claim is time-barred.

///

**D.     Leave to Amend**

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995))). The court should "freely give" leave to amend, Fed. R. Civ. P. 15(a), when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is denied only when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

Because the Court finds that Plaintiff's claims are premised upon a legally untenable securitization argument, the Court further finds that amendment would be futile and denies leave to amend. In addition, amendment of Plaintiff's TILA and RESPA claims would be futile because they are time-barred.

In addition, the Court finds it appropriate to dismiss Plaintiff's claims against Defendants First American and Aurora, even though these Defendants have failed to appear. Where a plaintiff "'cannot possibly win relief,'" a trial court may dismiss a complaint for failure to state a claim without "giv[ing] notice of its intention to dismiss and [without] giv[ing] the plaintiff some opportunity to respond." *Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988) (quoting *Wong v. Bell*, 642 F.2d 359, 362 (9th Cir. 1981)); *see also Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief." (citation omitted)). In light of the finding that Plaintiff's claims fail as

12

1  a matter of law, the Court finds that the interest of justice compels dismissal of these

2  two Defendants.

3  **V.      APPLICATION FOR TEMPORARY RESTRAINING ORDER**

4          Temporary restraining orders are governed by the same standard applicable to

5  preliminary injunctions. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F. 3d

6  832, 839 n.7 (9th Cir. 2001). A temporary restraining order may be issued if a plaintiff

7  establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in

8  the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4)

9  that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555

10  U.S. 7, 20 (2008). "[I]njunctive relief [is] an extraordinary remedy that may only be

11  awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22. The

12  Ninth Circuit has held that "'serious questions going to the merits' and a hardship

13  balance that tips sharply toward the plaintiff can support issuance of an injunction,

14  assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild*

15  *Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

16          In light of the Court's findings that Plaintiff's claims are legally deficient, Plaintiff

17  cannot meet the first factor of the *Winter* test. Accordingly, Plaintiff's application for a

18  temporary restraining order (dkt. no. 1-1 at 42-50) is denied.

19  **VI.     CONCLUSION**

20          The Court notes that the parties made several arguments and cited to several

21  cases not discussed above. The Court has reviewed these arguments and cases and

22  determines that they do not warrant discussion as they do not affect the outcome of the

23  parties' motions.

24          It is therefore ordered that Plaintiff's motion to remand (dkt. no. 22) is denied.

25          It is further ordered that Defendants' motion to dismiss (dkt. no. 7) is granted.

26          It is further ordered that Plaintiff's application for temporary restraining order (dkt.

27  no. 1-1 at 42-50) is denied.

28  ///

1   The Clerk is directed to enter judgment in favor of Defendants Nationstar

2   Mortgage, Bank of America, N.A., Wells Fargo Bank, N.A., as Trustee for the Structured

3   Adjustable Rate Mortgage Loan Trust, Series 2007-3, and Mortgage Electronic

4   Registration Systems, Inc.

5   The Court sua sponte dismisses Defendants First American Trustee Servicing

6   Solutions, LLC and Aurora Loan Services LLC.

7   The Clerk is instructed to close this case.

8   DATED THIS 4th day of November 2015.

9

10   MIRANDA M. DU
      UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28