UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOEL BECK, | Case No. 3:15-cv-00166-MMD-VPC |
| Plaintiff, | ORDER |
| v. | |
| NATIONSTAR MORTGAGE, et al., | |
| Defendants. | |

This action involves a dispute over title and ownership to real property subject to a promissory note and deed of trust securing a residential mortgage loan. In addressing Defendants' motion to dismiss, the Court found that "all of Plaintiff's claims, including his fraud-based claims, are premised on the illegality of the securitization of Plaintiff's loan without his knowledge," and dismissed Plaintiff's claims based on that finding. (Dkt. no. 34.) The Court further found that Plaintiff's eighth, ninth and tenth claims are barred by the applicable statute of limitations.[1] (*Id.*) Plaintiff now seeks reconsideration by filing his "Demand for New Trial Jury Demand." (Dkt. no. 36.)

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

---

[1] These claims are based on violations of the Truth in Lending Act, the Home Ownership and Equity Protection Act, and the Real Estate Settlement Procedures Act. (Dkt. no. 1-1 at 15-25.)

Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment. The Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000). *See also De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (noting that the district court's denial of a Rule 60(b) motion is reviewed for an abuse of discretion). A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). A motion for reconsideration is thus properly denied when the movant fails to establish any reason justifying relief. *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that a district court properly denied a motion for reconsideration in which the plaintiff presented no arguments that were not already raised in his original motion). Moreover, a district court has discretion not to consider claims and issues that were not raised until a motion for reconsideration. *Hopkins v. Andaya*, 958 F.2d 881, 889 (9th Cir. 1992). It is not an abuse of discretion to refuse to consider new arguments in a Rule 60(b) motion even though "dire consequences" might result. *Schanen v. United States Dept. of Justice*, 762 F.2d 805, 807-08 (9th Cir. 1985).

Plaintiff argues that the Court did not focus entirely on his Complaint and erred when it focused but solely on allegations relating to securitization of the Note. (Dkt. no.

36 at 2; dkt no. 38 at 2.)  First, mere disagreement with an order is an insufficient basis for reconsideration. Nor should reconsideration be used to make new arguments or ask the Court to rethink its analysis. *See N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988). Plaintiff has not demonstrated that the Court committed clear error. Second, while Plaintiff claims that the Court failed to consider other issues raised, the examples he cited do not relate to the allegations in the Complaint. For example, Plaintiff offers as an example of fraud his contention that certain documents were not served on the date indicated on the certificate of service. (Dkt. no. 36 at 2.) Even if certain documents were not timely served, that fact has no import on the Court's consideration of the claims in the Complaint. Moreover, Plaintiff was given the full opportunity to be heard on Defendants' motion to dismiss.

Plaintiff makes unfounded allegations about the relationship between the Court and counsel.[2] He cites to Judge Cooke's reference to Akerman, the law firm representing Defendants, as evidence that that firm frequently appeared before the Court. However, there is nothing remarkable about a law firm's frequent representation of litigants before the Court. That fact alone is not enough to give rise to an appearance of impropriety.

In sum, Plaintiff has offered no valid reason for the Court to reconsider its decision. Plaintiff's "Demand for New Trial" (dkt. no. 36) is denied.

DATED THIS 28th day of December 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[2] In his reply brief, Plaintiff alleges that the "Court erred in not disclosing recently discovered relationship with Judge, Judge's immediate family and Defendant." (Dkt. no. 38 at 2.) He then references an alleged telephone call with Heidi Parry-Stern where she stated that she could not represent Plaintiff because her firm has had a former relationship with Defendant. It is not clear to the Court how the conversation with Heidi Parry-Stern relates to his allegation about a "recently discovered relationship with Judge." The Court is not aware of any such relationship.